### EMANUEL W. HAMILTON *vs.* FREDERICK W. NICKERSON.

A witness called to testify to a custom or usage of trade may state his belief of what such
custom or usage is, and may also be competent to testify although all his knowledge is
derived from his own business, if that has been sufficiently long continued and exten-
sive.

TORT in favor of a common carrier against a warehouseman,
to recover for the conversion of ten barrels of zinc paint.

At the second trial in the superior court, before *Putnam*, J.,
after the decision reported in 11 Allen, 308, the plaintiff intro-
duced evidence tending to show that he, having brought the
paint to Boston, and being unable to find the consignee, placed
the same in store with the defendant, as warehouseman, the de-
fendant being a responsible person in that business, and received
from him payment of all his charges, amounting to $2.90, and
gave a receipt therefor, as stated in the former report of this case.
Neither the consignee nor consignor has ever appeared to claim
the paint; and it was in dispute whether the defendant received
the same as agent of the plaintiff, or of the consignee or owner,
and evidence was offered by both parties on this point.

The plaintiff called two witnesses for the purpose of proving
a general custom in 'Boston, by which warehousemen, in the
absence of the consignee, pay carriers' charges, if small, as a
matter of course or convenience, and without regard to the ques-
tion as to whose bailee he is to be. One of these witnesses,
who had been for twenty-seven years agent of three lines of
packets, was allowed to testify, against the defendant's objec-
tion, that he believed this to be the custom, and was willing to
swear that he so believed. The other witness testified that all
the absolute knowledge he had on the subject was from his own
business that he had been agent of a line of packets between

New York and Boston for a long time; that he could state what he believed the general custom to be from a knowledge of the business and of the custom, but could not state individual cases; and that he knew it in the way men generally gather knowledge. He also was admitted to testify to the custom, against the defendant's objection.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. C. Kimball*, for the defendant.

*H. A. Scudder*, for the plaintiff.

BIGELOW, C. J. The testimony of both the witnesses was clearly admissible.

1. The existence of a custom or usage of trade could be proved only by the evidence of those who had such knowledge of the practice and course of business as to create in their minds the belief or conviction of its existence. The *factum probandum* was not a single isolated act or occurrence, but the result or con-clusion derived from a series of similar acts or circumstances, creating and establishing in the mind of the witness a convic-tion or belief of the complex whole or comprehensive fact, to the existence of which he was called upon to testify. In such case belief is knowledge, and constitutes direct and primary evidence. Indeed the existence of a usage could not well be proved by showing particular instances of transacting business in a certain way. The only proper method of establishing the fact was by the testimony of witnesses who had active and con-stant experience of the manner in which the trade was conducted in relation to the matter in controversy. It was precisely to this point that the testimony of the witness was directed. He stated his belief of the existence of the usage as derived from a knowl-edge of the business for a long series of years. In regard to such a matter, a distinction between knowledge and belief is altogether too nice and metaphysical to be introduced into the rules of evidence by which justice is to be practically adminis-tered. 1 Stark. Ev. (4th Lond. ed.) 173. 1 Greenl. §§ 9, 440 *Shove* v. *Wiley*, 18 Pick. 558, 560.

2. The witness who was objected to as not having sufficient

knowledge of the usage was clearly competent. It was not a valid objection to his competency that his knowledge was derived from his own business. The real question was, whether this knowledge, however derived, was sufficiently extensive to enable him to testify to the fact of usage. We cannot doubt that his experience was sufficiently actual and frequent to render him competent. *Exceptions overruled.*